I respectfully dissent from the majority's Opinion and Award in this case and would instead vote to affirm the Deputy Commissioner's Opinion and Award. Unlike the majority, the undersigned would give greater weight to the testimony of Dr. Branch, who was plaintiff's treating physician and who saw him immediately after the accident on 23 April 1991 until plaintiff reached maximum medical improvement on 24 October 1991 and was released in January 1992, than that of Dr. Adams who first examined the employee on 21 November 1991 and Dr. Poehling who did not see the employee until nearly one year after he was released by Dr. Branch in January 1992.
Furthermore, the undersigned, giving greater weight to Dr. Branch's opinion, would find plaintiff's refusal of the "wet end tester" job, approved by Dr. Branch, unjustified and unreasonable; therefore, pursuant to N.C. Gen. Stat. § 97-32, plaintiff would not be entitled to further compensation during the continuance of such refusal. The "wet end tester" job is a light duty job within plaintiff's restrictions and entails taking samples of wood chips weighing only a few pounds from the manufacturing lines and checking flow rates of chemicals and water. During an eight hour job shift, plaintiff would have been required to check samples at five stations in the plant each hour which would take approximately 30 to 45 minutes each hour. This process would require walking 50 or 75 yards two times an hour with the duration of the walking being approximately five to ten minutes. According to this accurate written job description given to Dr. Branch, plaintiff was capable of performing the offered job but he unjustifiably refused the position. Thus, I would vote to affirm the Deputy Commissioner's Opinion and Award.
 S/ ___________________________ DIANNE C. SELLERS COMMISSIONER